ant, it may be waived, either by agreement or by declaration of the party entitled to insist upon the forfeiture, or by such a course of dealing with respect thereto as induces an honest belief by the party affected by the forfeiture that it will not be insisted upon. In the present case the jury would have been authorized to find that the defendant did not intend to insist upon a forfeiture by reason of failure to pay the premiums when the same fell due, as it had uniformly accepted the same after such time, and waiver may be predicated of such fact. Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299; French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849; Quinn v. Insurance Co., 10 App. Div. 483, 41 N. Y. Supp. 1060. When the agent last called, he accepted payment of two weeks' premiums, leaving four weeks then in arrears, and agreed to call the following Friday or Monday and collect the balance. It must be assumed that the defendant had notice of such fact, and, having retained the payment, must also be assumed to have ratified the act. Quinn v. Insurance Co., supra. The agreement to accept a part, and fixing a day when the balance would be received, had the effect of extending the time of payment, thereby inducing a belief on the part of the plaintiff that she might withhold payment until the time agreed upon. Such act upon the part of the defendant estops it from insisting upon a forfeiture. Leslie v. Insurance Co., 63 N. Y. 27.

It follows that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(43 App. Div. 430.)

### FOGARTY v. BOGERT.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. NEGLIGENCE—EVIDENCE.

Plaintiff, seeing a notice, "Flat to Let," in an apartment house, went to the basement and rang the bell, and, in turning, fell down a cellar way. *Held*, in an action against the owner for the injury, that it was error to exclude her explanation that she was looking for a flat, and went to the basement to inquire about the flat because she thought the janitor lived there.

2. SAME—PRESUMPTIONS.

In the absence of contrary proof, the presumption is that the house was in the possession of the owner, and the notice was displayed by him or his agents.

3. SAME—LICENSE.

In the absence of direction to apply elsewhere, the notice constituted an implied invitation to persons desiring such apartments to apply there for information concerning the flat offered.

4. SAME—QUESTION FOR JURY.

A house in which was a sign, "Flat to Let," had a gate to the basement area on one side of an entrance, with a bell, and on the other side, 40½ inches distant, was an open cellar way. Plaintiff, in an action against the owner for an injury, testified she went to inquire about the flat, and, after ringing the bell at the gate, made a turn to a window which was raised at the time, and in turning took a step and fell down the steps. *Held*, that the question whether the proximity of the cellar steps to the gate constituted negligence of the owner in inviting strangers to come there unwarned should have been left to the jury.

**5. SAME—CONTRIBUTORY NEGLIGENCE.**

Even though it was dark, the question of plaintiff's contributory negligence in taking a step backward from the gate was for the jury.

**6. APPEAL.**

A party at whose instance evidence is excluded cannot object that the evidence was material and necessary to make out the other party's case.

**7. SAME.**

Where evidence is material and necessary to make out a cause of action, it is reversible error to exclude it.

Appeal from trial term, Kings county.

Action by Margaret Fogarty against Seba M. Bogert. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen P. Jacobs, for appellant.
Frank G. Wild, for respondent.

WILLARD BARTLETT, J. The defendant was the owner of an apartment house, No. 28 First place, in the borough of Brooklyn. The plaintiff, when passing this number at half-past 7 o'clock on the evening of March 9, 1898, saw a notice upon the premises stating that a flat was to let there. She went to the basement, and pulled the bell at the basement gate. A window in the house was raised at this moment. The plaintiff turned and moved half a step towards this window,—which was to her left as she faced the house, the basement gate being at her right hand,—when she fell down a flight of steps constituting the cellar way of the premises, and suffered a fracture of her left leg just above the ankle. The distance of the basement gate to the beginning of this cellar stairway is 40½ inches. A portion of the window of which mention has been made is directly above the steps leading down to the cellar. Upon the trial the plaintiff was not allowed to prove her purpose in going to the basement where she was thus injured. It is clear that the rulings which prevented her from showing that she was looking for a flat at the time, and desired to inquire about the flat referred to in the notice, and with that object in view went to the basement because she thought the janitor lived there, were erroneous; and the case must now be disposed of as though the plaintiff had established these as her reasons for going upon the defendant's premises. All that she saw on the notice was the announcement, "Flat to Let." It does not appear that the notice contained anything else. The defendant admits ownership of the house, and in the absence of any proof to the contrary the presumption is that he was in possession, and that the notice was displayed by him or his agents. I think that the display of such a notice by a house owner upon the premises, in the absence of any direction therein to apply elsewhere, constitutes an implied invitation to persons desiring such apartments to apply there for information concerning the rooms thus offered for rent, and, therefore, that the plaintiff is to be regarded as having properly gone, at the invitation of the defendant, to the basement gate of the defendant's apartment house.

The circumstances thus justifying the inference that there was an invitation to the plaintiff to enter for the purpose of inquiry, the question is presented whether the proximity of the cellar steps to the basement gate did not render it negligent on the part of the defendant to ask strangers to come there without in some manner warning them of the liability to which they were exposed, of breaking their necks by taking a single step backward from the gate. The distance between the gate and the stone stairway was less than $3\frac{1}{2}$ feet. "After reaching this place and ringing the bell," says the plaintiff, "I made a turn to the window, and made a step to the window. In turning to the window, I made a half turn. As I made half a turn, I was pitched down the steps." It seems to me that negligence is fairly predicable of the conduct of a house owner who invites one unwarned into a place where a single step may prove so dangerous, and, therefore, that the question of the defendant's negligence should have been left to the jury.

In behalf of the defendant it is argued that "the plaintiff's case upon this point must hang upon the proposition that it was inherently dangerous to have the cellar way 3 feet $4\frac{1}{2}$ inches from the gate into the basement"; and his counsel answers this proposition by saying that "there is no proof of any unusual construction, and the plaintiff would not have been hurt, had she used care to see where she was going, and not turned away from the gate towards the window." But he overlooks the fact that the plaintiff sought to prove that the construction was unusual, and that the court would not receive the evidence offered for that purpose. The defendant, having had this evidence excluded upon his own objection, is in no position to contend that such proof was material and necessary to make out the plaintiff's cause of action; but, if he is right in this respect, the ruling excluding it was error which in itself would demand a reversal of the judgment. As to the question of contributory negligence, I think the jury might well have found that there was nothing imprudent in doing all that the plaintiff did on the occasion of the accident. Even in the dark, one would hardly expect that a single step back from the place where she stood before a basement gate would precipitate her down a flight of stone steps into a cellar.

Upon this record, therefore, it seems to me that the plaintiff is entitled to a new trial. It may be that the case will present a different aspect when the defense is put in. For example, an invitation to come upon the premises could hardly be predicated of the display of a notice which directed persons desiring to hire flats to apply at some other address. While the cross-examination of the plaintiff assumed that such was the fact here, that assumption finds no support in the proof, and we must determine the appeal without regard to the intimation of counsel on the subject.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.