THOMAS C. STEWART, as Administrator of ANDREW C. STEWART, Deceased, Respondent, *v.* JOHN W. FERGUSON, Appellant.

1. NEGLIGENCE — FALL OF SCAFFOLD — MASTER'S LIABILITY TO SERVANT. Where a scaffold provided by the master for a servant's use falls, and no other cause of the fall is ascertained except as inferred from the fall itself, the fall is *prima facie* evidence of the negligence of the master in an action by the servant to recover damages received in consequence thereof.

2. LIABILITY OF MASTER UNDER LABOR LAW. Where the cause of the fall is otherwise ascertained, sections 18 and 19 of the Labor Law (L. 1897, ch. 415) enlarge the duty of the master, and extend it to responsibility for the safety of the scaffold itself, and thus for the want of care in the details of its construction.

*Stewart* v. *Ferguson*, 52 App. Div. 317, affirmed.

(Argued October 11, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 14, 1900, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The action was brought to recover damages for alleged negligence causing the death of Andrew C. Stewart, the plaintiff's intestate, on November 23, 1897. Stewart was in the employ of defendant, and while engaged in laying brick in the wall of a building which the defendant was erecting in Long Island City, the scaffold upon which he was standing, which the defendant had caused to be erected for the purpose, fell, and caused his death.

*John Vernon Bouvier, Jr.*, for appellant. The happening of the accident created no presumption of negligence on the

part of the defendant, and the court's refusal so to charge was error. (*Kearney* v. *L., etc., R. R. Co.*, L. R. [5 Q. B.] 411; *Armstrong* v. *M. S. Ry. Co.*, 36 App. Div. 526; *Weidmer* v. *N. Y. E. R. R. Co.*, 114 N. Y. 462; *Welsh* v. *Murray*, 2 App. Div. 205; *Allen* v. *Banks*, 7 App. Div. 405; *Losee* v. *Buchanan*, 51 N. Y. 476; *Olive* v. *W. M. Co.*, 103 N. Y. 292; *Sheldon* v. *H. R. R. Co.*, 29 Barb. 226; *Kaveny* v. *City of Troy*, 108 N. Y. 571; *Curren* v. *Warren*, 36 N. Y. 153.)

*Edward P. Lyon* for respondent. The court correctly charged the jury that the unexplained fall of the scaffold was *prima facie* proof of negligence. (*Green* v. *Banta*, 16 J. & S. 156; *Caldwell* v. *N. Y. S. Co.*, 47 N. Y. 282; *Mullen* v. *St. John*, 57 N. Y. 571; *Solarz* v. *M. R. Co.*, 8 Misc. Rep. 656; *Kimmer* v. *Weber*, 151 N. Y. 417.)

LANDON, J. The only question of law presented for our review by the exceptions arises upon the refusal of the trial court to charge as requested by the defendant. There was evidence tending to show how the scaffold was constructed, but not tending to show any particular structural weakness. There was no evidence tending to prove the cause of the fall of the scaffold other than the fall itself. The trial court instructed the jury that the falling of the scaffold raised a presumption of the negligence of the defendant in its construction, and he refused to charge that the happening of the accident created no presumption of negligence on the part of the defendant. The charge was not excepted to, but the refusal was; but both charge and refusal may be considered, because the charge made the refusal more pointed and impressive.

Before the passage of the Labor Law (Chap. 415, Laws of 1897) it had been held that the falling of a scaffold without any apparent cause was *prima facie* evidence of negligence on the part of the person bound to provide it. (*Green* v. *Banta*, 16 J. & S. 156; affirmed, 97 N. Y. 627; *Solarz* v. *Man. Ry. Co.*, 8 Misc. Rep. 656; affirmed on appeal, 11

Misc. Rep. 715, and 155 N. Y. 645.)   These cases proceeded upon the theory that, if the scaffold had been properly constructed, in the absence of other ascertained cause of its fall, negligence in its construction or maintenance might be presumed.   In *Butler* v. *Townsend* (126 N. Y. 105) the negligent act which caused the fall of the scaffold was ascertained and the question in controversy was whether it was the negligence of the master or of his servants.   The court held that the scaffold was not a place in which to perform labor, but an appliance for use in its performance, and, therefore, the master's duty was that which he owed his servants in respect of appliances and not of places, and that his duty to his servants was performed in respect of the scaffold by furnishing proper materials for its construction and competent workmen to construct it, and that he could commit the details of its construction to such servants, and that their negligence in the execution of these details resulting in an injury to a fellow-servant was not the master's negligence.   In *Kimmer* v. *Weber* (151 N. Y. 417) a scaffold fell and the same rule was applied.

Assuming the law to be as stated in the two classes of cases, the case before us falls within the class in which no other cause of the fall of the scaffold was ascertained except as inferred from the fall itself and not within the class in which it was otherwise ascertained.   But, if within the latter class, then we think sections 18 and 19 of the Labor Law enlarge the duty of the master or employer and extend it to responsibility for the safety of the scaffold itself and thus for the want of care in the details of its construction.

These sections provide :

" Section 18. Scaffolding for use of employees.   A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper

protection to the life and limb of a person so employed or engaged."

" Section 19. All swinging and stationary scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon, when in use," etc.

This section differs from section 1, chapter 314, Laws of 1885, in this respect: That section provides for the punishment of knowingly or negligently doing the acts mentioned in this section. This section omits the words " knowingly or negligently," and declares that the acts shall not be done. The plaintiff would have to prove either knowledge or actual negligence under the earlier act, and the defendant, no doubt, could invoke for his protection upon the charge of negligence the distinction between his negligence and that of his servants as laid down in the case of *Butler* v. *Townsend* (*supra*). This probably explains why the earlier act was not noticed in *Butler* v. *Townsend, Kimmer* v. *Weber* (*supra*), and in the cases in the Appellate Division cited by the appellant. Section 18 is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants. The evidence tended to show that this scaffold was not overloaded, but was bearing the weight usually required in the performance of the labor for which it was an appliance. *Prima facie* it was so constructed as to bear less than one-fourth the weight required by section 19. Its fall, in the absence of evidence of other producing cause, points to the omission of the duty enjoined by the statute upon the defendant to the plaintiff in its construction, and points to it with that reasonable certainty which usually tends to produce conviction in the mind in tracing events back to their causes, and thus creates a presumption. It is circumstantial evidence, and if it does convince the jury, it justifies their verdict.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur; HAIGHT, J., concurs in result.

Judgment affirmed.