## WALTERS v. GEORGE A. FULLER CO.

(Supreme Court, Appellate Division, First Department. April 24, 1903.)

1. SERVANT'S INJURIES—SAFE APPLIANCES—OPERATION—NEGLIGENCE OF FELLOW SERVANT—LABOR ACT—CONSTRUCTION.

Section 18 of the labor law (Laws 1897, p. 461, c. 415), providing that a person employing another to perform labor in the erection or repair of a structure of any kind shall not furnish, for the performance of such labor, scaffolding or other mechanical contrivances which are unsafe or improper, and which are not so constructed, placed, and "operated" as to give proper protection to the person employed, does not impose on a

master, who has furnished an appliance conforming to the statute, and capable of being safely operated, a liability to an injured employé for the negligence of a fellow servant in operating the same.

Appeal from Trial Term, New York County.

Action by Hannah Walters, as administratrix, etc., against the George A. Fuller Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. S. Marshall, for appellant.
T. P. Wickes, for respondent.

PATTERSON, J. The main facts of this case, as they are now presented, are the same as appeared in the record when the cause was before us on a former appeal. 74 App. Div. 388, 77 N. Y. Supp. 681. The plaintiff's intestate was working on the steel frame of a building in course of construction on the northwest corner of Wall and Water streets, in the city of New York. A large derrick was used by the defendant in hoisting iron beams and columns, part of the framework of the building. This derrick was located at about the center of the lot. The plaintiff's intestate was directed by the foreman to descend to the street on the ball of the derrick so that an iron column might be lifted to be placed in the building. He and another man, who was working with him, obeyed the order, and, while in the act of descending, the entire derrick fell over, and the plaintiff's intestate sustained injuries from which he died. The mast of the derrick was about 30 feet long, and it had a movable boom 55 feet long. Back of the mast, to the north, was a stiff leg of timber, which slipped from the top of the mast obliquely down to a point on the bottom of the cellar, about 30 feet from the foot of the mast. The boom was attached to the mast at its foot. There were several guys, also, used as supports for the mast. The length of the boom was such that it could not be moved past the guys unless those guys were displaced. The boom was raised and lowered by steam power, and was swung around by tag lines, and men were assigned to the work of stopping the boom when it had passed a guy, so that the guy could be replaced. When the decedent and his fellow workman got upon the ball, there was nothing to support the derrick, except one guy and the stiff leg. There is evidence in the record to show that a derrick, constructed as this was, was an unsafe apparatus, but there was also evidence on the part of the defendant tending to show that it was not unsafe in construction, and that it had been operated in safety for a long time previously in the same manner in which it was operated at the time of the accident to the plaintiff's intestate. It was proven, and the evidence was uncontradicted, that the same derrick had been used in another building for two months before it was put up on the premises in which the accident happened, and that it had been operated in the same way without any accident or difficulty. The evidence also shows that one Carlin ordered the boom to be raised, and that it was about

halfway up when the derrick fell. Hansen, an employé, was in charge of a tag line. Grohman had charge of another tag line, and, when the latter received his order, started to pull on it. Carlin, who gave the order, testified that Hansen was not holding on to his tag line, and, under the proof, the jury might have found that the immediate cause of the fall of the derrick was Hansen's neglect.

The principal question arising in this case is as to the applicability of the provisions of section 18 of the labor law. Laws 1897, p. 461, c. 415. On the former appeal, we held that that section did apply, and that the derrick was to be regarded as a hoist or mechanical contrivance, and was therefore brought within the provisions of the statute, in consequence of which there attached to the defendant the absolute duty imposed by the statute, namely, that "a person employing or directing another to perform labor of any kind in the erection of a house, building or structure, shall not furnish or erect or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, * * * or other mechanical contrivances which are unsafe, unsuitable or improper and which are not so constructed, placed and operated as to give proper protection to the life and limbs of a person so employed or engaged."

In the opinion of the court on the former appeal it was said that the condition of the derrick, whereby it became, in its operation, necessary to remove a large proportion of its supports, and make its safety in operation depend upon the watchfulness and care of a fellow servant in properly restraining the swinging of the boom, which, if neglected, would cause a collapse of the whole structure, furnished an authority for the jury to say that such construction was not proper or suitable to give protection to the life or limb of employés. But it was also said that if the deceased were guilty of contributory negligence, or if the master discharged his full duty and the accident was the result of the negligence of a co-employé, it would excuse the defendant from liability, the question in this respect being, did the master discharge the obligation resting upon him? If so, and the accident was the result of the negligence of a fellow servant, it was stated that the defendant would not be liable, and that that was a question of fact which was to be submitted to the jury.

On the trial now under review, the court was requested to charge the jury that if Hansen was negligent in operating the derrick, and they found that the operation of the derrick in the manner described by the witness was a violation of section 18 of the labor law, Hansen's negligence is the negligence of the defendant, for which it is responsible. That instruction was given, and an exception was taken. Other requests of a similar character, relating to the negligence of other named servants, were also charged, under exception. What is herein remarked as to the particular request commented upon will apply to them.

The crucial point in the case was as to the defendant having furnished an apparatus which in its construction could be operated in safety—that is to say, which, as it was constructed, placed, made ready for use, and under all the requirements of actual use, was a safe appliance. Under the evidence the jury could have found either

way on that proposition, but by the instruction given they were told that Hansen's negligence in operating the derrick was to be regarded as the negligence of the defendant, if the jury should find that such operation was a violation of section 18 of the labor law; for the operation referred to in this request relates to the manner of the use of the derrick at the time the accident happened. It is not, by this request, submitted to the jury to determine whether the general operation of the derrick and Hansen's specific negligence were contributing or concurrent causes of the fall of the derrick. The error in this instruction is in its reference simply to the method of the management of the apparatus as described by the witnesses, and the declaration, in effect, by the court, that the defendant would be liable for that mismanagement or improper operation, if the jury found it to be improper, notwithstanding the employer might have furnished a properly constructed and a properly placed apparatus which could be operated in safety. In other words, the master would be liable for the negligence of fellow servants of an injured employé when he had furnished an appliance which conformed to all the requirements of the labor law, and which could have been operated in safety. We do not understand section 18 of the labor law as having that effect. We conceive the duty devolved upon a master by that statute (so far as operation is concerned) to be to furnish an appliance which shall be so constructed and so placed, and which may be so operated, as to render it safe; one which, when in use and for the purposes for which it is used, is adequate to the safe performance of that work. In Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, it is said that "section 18 of the labor law is a positive prohibition laid upon the master upon account of his ignorance or the carelessness of his servants." That remark is used in connection with the facts of that case, which was one in which a scaffold fell. The cause of its falling was not shown, and it was held that, in the absence of other producing cause, the fall pointed to the omission of duty enjoined by statute upon the defendant to the plaintiff in its construction. Nothing was involved in that case but construction, and the remark quoted refers to the liability of the master attaching, notwithstanding his ignorance of the construction or the carelessness of his servants in the construction. It was a case of what was considered in law to be an unsafe structure. It was not decided therein that, where the apparatus is so constructed and placed that it may be operated in safety, the master is responsible for the negligence of his servant in connection with the use of an apparatus so constructed and placed that it could be operated in safety.

Errors are also assigned in connection with rulings of the trial court in passing upon the eligibility of jurors, and a very serious question arises concerning the correctness of those rulings. We do not find it necessary to the disposition of the case, however, to pass upon that question, as upon a retrial it may be avoided.

We are therefore of the opinion that the instruction should not have been given, and that for this error the judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur; McLAUGHLIN, J., in result.