## ROTONDO v. SMYTH.

(Supreme Court, Appellate Division, First Department.   March 11, 1904.)

1. MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE APPLIANCES—STATUTORY PROVISIONS—NEGLIGENCE OF SERVANTS.

Where employés constructed a scaffolding on which they worked, and the employer had nothing to do with it and did not furnish it as a scaffolding, the negligence of the employés in failing to construct it with a safety rail and fasten it as prescribed by Laws 1897, p. 467, c. 415, § 18, could not be imputed to the employer, so as to make him liable for the injuries sustained to one of the employés by reason of the defect in the scaffolding.

2. SAME.

Where employés constructing a scaffolding on which they worked were bound to construct a safety rail and fasten it as required by Laws 1897, p. 467, c. 415, § 18, their negligence in failing to so secure it could not be imputed to the employer, so as to make him liable for the injuries sustained to one of the employés by reason of such negligence.

O'Brien, J., dissenting.

Appeal from Trial Court, New York County.

Action by Antonia Rotondo, administratrix of Vincenzo Rotondo, deceased, against Neptune B. Smyth. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. S. Carrere, for appellant.

M. Wechsler, for respondent.

VAN BRUNT, P. J.   This action was brought to recover damages arising from the death of the plaintiff's intestate, who fell while doing some painting upon a building. The defendant in this action was a boss painter, and had a contract to paint the factory building at No. 78 Park street, in the city of New York. The plaintiff's intestate was a journeyman painter, who was employed by the defendant upon this job. Upon the 21st of November, 1902, the defendant's employés, consisting of plaintiff's intestate and one Nelson, commenced to paint the window shutters in the rear of the factory, beginning on the top or seventh floor. In consequence of the contracted space in which the painting was to be done, the ordinary scaffolds which were made for work of this kind could not be used, and the defendant instructed Nelson and the deceased to construct a scaffold and put it up for the purpose of doing the painting. The two men procured

from the defendant's shop the necessary materials, and constructed the scaffold, which consisted of three 2-inch planks of about 16 feet in length, held together by four wooden cleats, which were longer than the scaffold was wide. These cleats were nailed across the planks, in pairs, a few feet from each end. Around this scaffold were then placed scaffold irons, which were adjusted under the planks and between the cleats, the object of the cleats being to prevent the scaffold irons from slipping one way or the other along the planks. These irons were connected with the roof by blocks and tackles. Across the back of the scaffold, on the side furthest from the wall, the men had stretched some pieces of rope, three feet above the scaffold, as a guard against accidents. On the morning of the 21st of November, Nelson and the deceased had raised this scaffold to position, and commenced the work of painting the iron shutters on the top floor. The deceased began painting the shutters of the window near the end of the scaffold, and he either stood upon the sill in the act of painting the shutters, holding on by an iron crossbar in the middle of the window, or was stepping from the window sill to the scaffold, when he fell and was killed. The claim of negligence against the defendant is that the scaffold upon which this work was being done did not comply with section 18, c. 415, p. 467, Laws 1897, which provides as follows:

"Scaffolding or staging swung or suspended from an overhead support, more than twenty feet from the ground or floor, shall have a safety rail of wood, properly bolted, secured and braced, rising at least thirty-four inches above the floor or main portions of such scaffolding· or staging and extending along the entire length of the outside and the end thereof, and properly attached thereto, and such scaffolding or staging shall be so fastened as to prevent the same from swaying from the building or structure."

It is certain that the scaffold did not comply with this law; but it seems to us, in view of the evidence that it was constructed by the workmen who were to work upon it, and was in their charge and under their control, that such scaffold did not come within the provisions of the act referred to, so as to charge the defendant with negligence for want of compliance with the statute. The men who were to do the work themselves constructed it, and the defendant had nothing to do with it, and did not furnish the scaffold as a scaffold. It was prepared by the painters themselves, and therefore, if there were any negligence in its construction, they were liable for it, and not the defendant.

It is further claimed that the statute was not complied with in that the scaffold was not so fastened as to prevent the same from swaying from the building or structure. If this portion of the law was not complied with, it was the fault of the men who were working upon the scaffold. They were the ones whose duty it was to fasten it in the manner required by the act. The defendant, the employer, was not responsible for the manner in which they conducted themselves in the doing of the work. They were bound to see, under the circumstances, that the scaffold was properly secured; and if it were not so secured it was the fault of the workmen themselves, and no negligence on that account is to be imputed to the defendant.

It was claimed upon the part of the defendant, upon the trial, that the deceased did not fall from the scaffold, but was standing upon

the window sill holding on by the crossbar, and when the crossbar gave way he fell. There is evidence controverting this claim, to the effect that he was stepping from the sill to the scaffold, and, the scaffold swaying, he lost his balance and fell. The evidence, however, that he had the crossbar in his hand when he fell, and the position he must have occupied in order to reach the crossbar, would militate against this claim of the plaintiff, and would seem to support that of the defendant. There may have been sufficient, however, in the testimony of the witnesses upon this point to submit the case to the jury. But we think that, upon the question of the negligence of the defendant in the furnishing of the scaffold and its management, there was no evidence tending to charge him with negligence; and, if there was any negligence, it was that of the deceased and Nelson, who constructed the scaffold, and were working together upon it.

We think, therefore, that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. O'BRIEN, J., dissents.