### IESIEF v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

INJURY TO EMPLOYÉ—SAFE PLACE TO WORK—NEGLIGENCE—EVIDENCE.
Plaintiff was put to work unloading coal for defendant on its premises, under a scaffold which had been built that day for purposes of repairs on its buildings, and from which a board fell on him without any apparent cause other than the vibration and jarring caused by stationary engines. *Held*, in an action for the injury on the ground that defendant was negligent in failing to furnish a safe place to work, that, without further evidence other than some opinions that the scaffold was not properly constructed so as to be a safe place to work under, plaintiff was entitled to go to the jury, they being authorized to infer that the scaffold was constructed by defendant's authority, or that it knew that it was there, and that it was improperly and negligently constructed, making the place under it an unsafe place to work.

Appeal from Special Term, Onondaga County.

Action by Peter Iesief against the New York Central & Hudson River Railroad Company. From a judgment on a nonsuit, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK and STOVER, JJ.

Henry E. Miller, for appellant.
Hiscock, Doheny, Williams & Cowie, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The evidence given by the plaintiff on the trial tended to show that the plaintiff was working for the defendant in unloading cars into a coal pit, and, while so engaged, a plank fell from a scaffold above upon him and caused the injuries for which the action was brought. The scaffold had been built on the day of, and some hours before, the accident. There was no direct evidence as to who built it or directed its construction. There was little, if any, evidence as to what caused the fall of the plank. There was some evidence by experts that the scaffold was not properly constructed so as to be safe as to persons working under it. It was alleged in the complaint, among other things, that the defendant was negligent in failing to furnish a reasonably safe place for the plaintiff to work, by reason of the defective condition of the scaffold above him. The

nonsuit was granted upon the ground of a failure by plaintiff to show that the defendant was guilty of negligence which occasioned the injuries for which the action· was brought. The court held that there was no evidence that the defendant constructed the scaffold or knew that it had been constructed, and that there was no evidence as to what caused the plank to fall, or that it was by reason of any defective construction of the scaffold. It was upon the defendant's property, however, and was constructed for the purpose of making some repairs upon defendant's buildings and appliances used in connection with its coalpit. The jury, in the absence of evidence as to who caused it to be constructed, were authorized to presume, or, at least, infer, that it was constructed by defendant's authority (Fogarty v. Bogart, 43 App. Div. 430, 60 N. Y. Supp. 352); and, whether the defendant was responsible for its construction or not, the jury might infer that the defendant knew it was there, and if defectively constructed it made the place to work under it an unsafe place, and, the planks having fallen without any apparent cause aside from the vibration and jarring caused by the working of the stationary engines, the jury were authorized to infer that the scaffold was improperly and negligently constructed, and that the plank was not properly secured so as to prevent its falling by reason of such vibration and jarring by the motion of the engines. ·Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, and numerous cases referred to therein.

The nonsuit was. therefore improperly granted, and the judgment entered thereon should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.