### HUTTON v. HOLDROOK, CABOT & DALY CONTRACTING CO.

(Circuit Court, S. D. New York. June 9, 1905.)

MASTER AND SERVANT—INJURY TO SERVANT—LIABILITY FOR UNSAFE SCAFFOLD UNDER NEW YORK STATUTE.

The provisions of the New York labor law (Laws 1897, p. 467, c. 415, §§ 18, 19, as amended by Laws 1899, p. 350, c. 192) relating to scaffolding, which prohibit an employer from furnishing to workmen engaged in the erection of a building or structure any scaffolding, ladder, or other mechanical structure which is unsafe, unsuitable, or improper, impose an imperative obligation on an employer, when it is his duty to furnish a scaffold, to furnish a safe one, without exception on account of the carelessness of his servants; but they do not mean that his obligation shall be imperative, when he has furnished a safe one to his workmen, to see that they use proper care in moving it and in re-erecting it from time to time as the nature of their work requires, nor that when he has furnished proper materials for a safe scaffold to workmen, who, in the usual course of their employment, are to build it, he shall be liable to them in the event that, by their neglect or misconduct in its erection, it proves unsafe, and an injury results. In such case the general rule as to the negligence of fellow servants applies.

At Law. On motion for new trial.

Arthur C. Palmer, for plaintiff.
Benj. Patterson, for defendant.

WALLACE, Circuit Judge. This is a motion by the plaintiff for a new trial, a verdict having been directed upon the trial for the defendant.

The plaintiff was one of a gang of five men employed by the defendant in doing mason work in the subway in the course of construction at New York City in November, 1901. He and two others of the five were masons, and the other two were helpers. The masons worked upon a scaffold, which, from time to time, as the work was finished by them at the place where it had been put up, was taken down by the helpers, and put up again by them at an adjacent place, when the masons again mounted the scaffold and resumed their work. It was the duty of the helpers to assist the masons generally in the work, and they were under the directions of the masons. The plaintiff's action was brought to recover for injuries received by him by the falling of the scaffold, and the

verdict was directed for the defendant upon the ground that the injuries were caused solely by the negligence of the fellow servants of the plaintiff.    In directing the verdict the court said:

"There is in this case no element of negligence, except that which consists of the omissions of some of the helpers in the plaintiff's gang of workmen in erecting the scaffolding in a proper way.    The defendant furnished a proper and suitable scaffolding, but, in adjusting it, as was required from time to time, to a new location, the helpers did so improperly, and in consequence it fell when the plaintiff was using it."

There is no dispute about the facts, and that they were as stated by the court is conceded; but it is insisted for the plaintiff that because of the provisions of the labor law of New York (chapter 415, p. 461, Laws 1897, as amended by chapter 192, p. 350, Laws 1899), contained in sections 18 and 19 (page 467), the defendant was liable, notwithstanding the scaffold became unsafe solely by the negligence of the plaintiff's fellow servants.    The sections read as follows:

"Sec. 18. Scaffolding for Use of Employees.    A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged.
"Sec. 19. All swinging and stationary scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon, when in use," etc.

There is no doubt that these sections contain "a positive prohibition laid upon the master, without exception on account of the carelessness of his servant."    Stewart v. Ferguson, 164 N. Y. 553, 556, 58 N. E. 662, 663.    The question is, however, whether they refer to a scaffolding which when furnished and erected is safe and suitable, but becomes unsafe merely because of the careless way in which it is adjusted by the men who are to use it in the course of their work.

If it had been the purpose of the statute to make the master liable to his servant for all the negligent acts of his other servants in the same employment, including the fellow servants of the servant injured, that intention could have been, and doubtless would have been, expressed in a few words, and so plainly as to be unmistakable.    Such a rule of liability would be so radical a departure from existing law, and introduce into the large industries of the country such incalculable hazards of loss to the employers of labor, that the purpose to adopt it is not to be attributed to the Legislature in the absence of plain language to that effect.

According to the law of New York, as declared by its highest court, a scaffold is not a place, within the meaning of the rule that it is incumbent upon the master to furnish a servant with a safe place in which to work, but is an appliance.    Butler v. Townsend,

126 N. Y. 105, 26 N. E. 1017. Previous to the statutory changes in the law the master was bound only to use due care to make the scaffold safe, and was held to have exercised due care if he had furnished proper materials, and employed a skillful and experienced builder to erect it. Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311. It was doubtless the purpose of the provisions of the labor law to substitute for this rule of liability one making his obligation absolute to furnish and erect a safe structure. The language of the two sections is satisfied by giving them a construction accordingly, and without imposing upon the master a liability that was never supposed to exist. The provisions mean that his obligation shall be imperative, when it is his duty to furnish or erect a scaffold, to furnish a safe one; but they do not mean that his obligation shall be imperative, when he has furnished a safe one to his workmen, to see that they use proper care in moving it and adjusting it from time to time as the nature of their work requires. Nor do they mean that, when he has furnished the proper materials for a safe scaffold to workmen who in the usual course of their employment are to make the scaffold, he shall be liable to them in the event that, by their neglect or misconduct in making it safe for their use, it proves unsafe. The decision of the Supreme Court of New York in Rotondo v. Smyth, 92 App. Div. 153, 86 N. Y. Supp. 1103, seems to give support to these views.

The motion is denied.