PETER IESIEF, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Negligence — injury from the falling of a plank from a platform, erected on the defendant's property to repair its buildings, over the place where the injured employee was working — presumption that the defendant constructed it.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, while employed by the defendant, in consequence of a plank falling upon him from a scaffold which had been erected above him some hours prior to the accident, it appeared that the scaffold was located upon the defendant's property and was constructed for the purpose of making some repairs to the defendant's buildings and appliances. There was no direct evidence as to who built the scaffold or directed its construction, and there was little, if any, evidence as to what caused the fall of the plank. There was some evidence that the scaffold was not properly constructed.

*Held,* that it was improper for the court to dismiss the plaintiff's complaint;

That the jury, in the absence of evidence as to who caused the scaffold to be constructed, were authorized to presume, or at least to infer, that it was constructed under the defendant's authority;

That whether the defendant was responsible for the construction of the scaffold or not, the jury might infer that the defendant knew it was there, and were also authorized to infer from the fact that the plank fell without any apparent cause, aside from the vibration and jarring caused by the operation of stationary engines, that the plank was not properly secured.

APPEAL by the plaintiff, Peter Iesief, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 27th day of January, 1903, upon the dismissal of the complaint by direction of the court after a trial at the Onondaga Trial Term.

*Henry E. Miller*, for the appellant.

*Hiscock, Doheny, Williams & Cowie*, for the respondent.

WILLIAMS, J.:

The judgment should be reversed and a new trial granted, with costs to appellant to abide event.

The action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The evidence given by the plaintiff on the trial tended to show that the plaintiff was working for the defendant in unloading cars into a coal pit, and while so engaged a plank fell from a scaffold above upon him and caused the injuries for which the action was brought. The scaffold had been built on the day of, and some hours before, the accident. There was no direct evidence as to who built it or directed its construction. There was little, if any, evidence as to what caused the fall of the plank. There was some evidence by experts that the scaffold was not properly constructed so as to be safe as to persons working under it. It was alleged in the complaint among other things that the defendant was negligent in failing to furnish a reasonably safe place for the plaintiff to work by reason of the defective condition of the scaffold above him. The nonsuit was granted upon the ground of a failure by plaintiff to show that the defendant was guilty of negligence which occasioned the injuries for which the action was brought. The court held that there was no evidence that the defendant constructed the scaffold,

or knew that it had been constructed, and that there was no evidence as to what caused the plank to fall, or that it was by reason of any defective construction of the scaffold. It was upon the defendant's property, however, and was constructed for the purpose of making some repairs upon defendant's buildings and appliances used in connection with its coal pit. The jury, in the absence of evidence as to who caused it to be constructed, were authorized to presume or, at least, infer that it was constructed by defendant's authority (*Fogarty* v. *Bogart*, 43 App. Div. 430), and whether the defendant was responsible for its construction or not, the jury might infer that the defendant knew it was there, and if defectively constructed it made the place to work under it an unsafe place, and the planks having fallen, without any apparent cause aside from the vibration and jarring caused by the working of the stationary engines, the jury were authorized to infer that the scaffold was improperly and negligently constructed, and that the plank was not properly secured, so as to prevent its falling by reason of such vibration and jarring by the motion of the engines. (*Stewart* v. *Ferguson*, 164 N. Y. 553; *Griffen* v. *Manice*, 166 id. 188, and numerous cases referred to therein.) The nonsuit was, therefore, improperly granted, and the judgment entered thereon should be reversed and a new trial ordered.

All concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.