(50 Misc. Rep. 173)

### MADIN v. NORCROSS BROS. CO.

(Supreme Court, Appellate Term. March 26, 1906.)

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.

    An employé while working for the contractor on a building in process of construction stood on a scaffold erected by the contractor. A co-employé working directly over employé on a stone shelf projecting from the wall lost his balance, and fell on the employé, and both fell to the pavement. The scaffold did not fall. *Held*, that the falling of the co-employé was the proximate cause of the employé's injuries, and the contractor was not guilty of actionable negligence.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by George E. Madin against Norcross Bros. Co. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Frank A. Acer, for appellant.

Frederick E. Fishel, for respondent.

NEWBURGER, J. This action is brought to recover damages for personal injuries received by plaintiff while in defendant's employ. It appears from plaintiff's testimony that on the 17th day of July, 1905, the plaintiff was employed by the defendants, and on that day was working upon the interior of a building known as the "Harvard Club," on Forty-Fifth street, between Fifth and Sixth avenues, for the construction of which building the defendant held a contract. It also appears that in the performance of the work to which he had been assigned it became necessary for him to go upon a scaffold that had been erected by defendant in said building at an elevation of about 16 feet above the stone floor, and that said scaffold was about 14 feet long and about 15 inches wide, and that the scaffold was reached by a ladder. It appears that one Dorward, a fellow servant, was working directly over and above plaintiff on a stone shelf or coping, projecting from the face of the wall, that was of the width of about 10 inches. Dorward while working on the shelf or coping lost his balance, fell therefrom down to and upon plaintiff, and both were precipitated to the floor or pavement. Dorward testified that he was using a bar to put the stone a little further; it was off joint; the point was too big, and the bar slipped, and it came backward, and "I fell right off the top, and I struck Madin [plaintiff], and he went right down." At the close of plaintiff's case, defendant moved to dismiss plaintiff's complaint, which motion was granted by the trial justice, and from the ruling this appeal is taken.

It is contended by appellant that the scaffold used by the plaintiff was not so constructed, placed, and. operated as to give proper protection to plaintiff's life and limb. He, however, concedes that the scaffold used did not fall, and that the accident resulted from no structural weakness or defective material used in the construction of the scaffold. The case of Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, cited by appellant, has no application. In that case the scaffold fell, and the court held that under the labor law as well as upon the theory of negligence plaintiff could recover. In this case, however, the plaintiff testified that the scaffold remained. It is apparent that the falling of a co-servant was the proximate and direct cause of the accident. Defendant violated no statutory duty towards the plaintiff, and there was no evidence that there was any negligence of the defendant.

Judgment affirmed, with costs. All concur.