AMANDUS JOHNSON, Appellant, v. HJALMAR JOHNSON, Respondent, and HENRIETTA H. COGGINS, Defendant.— In an action to recover for personal injuries, brought by an employee against his employer, who had failed to secure compensation to his employees in accordance with section 10 of the Workmen's Compensation Law (Cons. Laws, chap. 67), judgment dismissing the complaint, in so far as appealed from, reversed on the law and a new trial granted, costs to the appellant to abide the event. Appellant, while employed by the respondent as a house painter, received injuries by falling with a scaffold furnished by the respondent, upon which scaffold they were both working. The complaint was dismissed because of the appellant's alleged failure to show negligence on the part of the respondent. Section 240 of the Labor Law imposed on the respondent the absolute duty to furnish a safe scaffold. The master, although not an insurer of the safety of the scaffold under all conditions, is liable as for negligence if the scaffold proves to be unsafe and the servant is injured. (Ross v. D., L. & W. R. R. Co., 231 N. Y. 335.) It is, however, the duty of the servant to prove that a safe scaffold was not furnished. Even though the master is careful to the highest degree, he is respon-

sible unless the scaffold is in fact a proper one to protect the workman in his work (ibid.). The fall of a scaffold which is not overloaded is, however, *prima facie* evidence of negligence. (*Stewart* v. *Ferguson*, 164 N. Y. 553.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.