John FARRELL, Plaintiff-Appellant,

v.

AMERICAN CYANAMID CO., Defendant-Appellee.

No. 384, Docket 26867.

United States Court of Appeals Second Circuit.

Argued June 19, 1961.

Decided June 30, 1961.

---

James P. Costello, New York City, for plaintiff-appellant.

George J. Conway, New York City, for defendant-appellee.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

PER CURIAM.

Plaintiff, an employee of a maintenance and repair company, was engaged in caulking a metal duct on the outside wall of defendant's building when the boatswain's chair which held him aloft fell five stories and he received the injuries for which he has brought suit. He was unable to show why the accident occurred or to produce any evidence that defendant was negligent. Without relying specifically upon the doctrine of *res ipsa loquitur*, he asserts a more specialized principle that the party providing scaffolding may be presumed negligent if the scaffold falls, even absent proof of a defect. Stewart v. Ferguson, 164 N.Y. 553, 554, 58 N.E. 662. But here the defendant provided none of the equipment except the chair, and hence the Stewart precedent is inapplicable. And there was not the exclusive control over the area where the negligence must have occurred which is necessary for invocation of *res ipsa loquitur*. Hence the trial judge's direction of a verdict for the defendant was correct.

Judgment affirmed.