[No. 2448. Decided February 8, 1897.]

THE FIDELITY AND CASUALTY COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

NEGLIGENCE — INSTRUCTIONS — MEASURE OF DAMAGES.

In an action to recover damages for injuries received through the breakage of the city's water pipe as a result of alleged defects therein, an instruction is not misleading which charges the jury that "if the defects were of such a character as could not have been readily ascertained upon reasonable inspection thereof and were unknown to defendant, then you cannot consider such defects," as the use of the word "inspection" implies more than optical observation, and is usually understood to embrace tests and examination.

Where the complaint, in an action for damages for the breakage of glass in a building, alleges that plaintiff was damaged by reason of defendant's "breaking in and destroying glass in the doors and windows of said building of great value, to wit, of the value of $266.30," the plaintiff is not entitled to an instruction that the measure of damages should include not only the value of the glass but the expense of replacing it, and putting the building in as good condition as before.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

*Brinker, Jones & Richards,* for appellant.

*John K. Brown,* and *F. B. Tipton,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Spurr and Wilmot, contractors, under their contract with the respondent, the city of Seattle, in preparing Front street and Yesler way in the city of Seattle for paving, uncovered the water main on Yesler way in front of what is known as the Olympic block belonging to the estate of L. M. Starr, deceased. While engaged in tearing down a foundation wall, they caused a large piece of concrete to fall upon the water main by reason of which the pipe burst, and a large volume of water, carrying dirt and gravel, was forced against the front of the Olympic block with such violence that it broke three transom lights and three lower lights of plate glass in said building. For the purposes of this case the contractors will be considered agents and servants of the city. The appellant was the insurer of the glass which was broken, and after the accident replaced the same and paid therefor the sum of $266.30. Having made good this loss to the Starr estate, it brought this action against the city for damages. Defendant offered no evidence and the case was submitted to the jury on the evidence of plaintiff, and verdict was rendered for defendant.

There are four assignments of error. The first and second are in relation to instructions to the jury. The third is that the court erred in refusing to grant plaintiff's motion to set aside the verdict and grant a new trial; the fourth, that the verdict is contrary to the evidence.

The first instruction complained of is as follows:

"The court further instructs you that as to the contention of the plaintiff that the water pipe in question

was not of such strength and thickness as it should have been for the purposes for which it was used, but was defective and weak, of less thickness than required for pipe used for such purpose, that before the party — the city— can be held liable for such defects, the plaintiff must not only prove that said pipe was not of such strength and thickness as it should have been for such purpose, and that the same was practically instrumental in causing the injury complained of, but must further show, by a preponderance of the evidence, that such defects were known to the defendant at the time said injury occurred, or were of such character and nature as to have been readily ascertained upon reasonable inspection thereof; and if you do find that such pipe was defective in the respects complained of, yet if you further find that such defects were of such a character as could not have been readily ascertained upon reasonable inspection thereof, and that the same were unknown to the defendant, then you cannot consider such defects.''

It is claimed that this instruction was misleading from the fact that it virtually instructed the jury that the only duty of the defendant in regard to the pipe was to look at the same and, if no defects were visible to the eye, that it was then warranted in placing said pipe where, if it burst, it would cause great damage to property, etc., and perhaps loss of life, and that such cursory examination would absolve the city from liability. It is claimed that the instruction should have gone to the effect that tests should have been used to ascertain the defects in the pipe. We think this objection is far-fetched, and that the appellant has not placed a proper, or ordinary, construction upon the language used by the court. Inspection is not necessarily confined to optical observation, but is ordinarily understood to embrace tests and examinations. The definition cited from Webster by the appellant, namely, " to look upon, to examine for the purpose of deter-

mining quality and detecting what is wrong and the like," seems to us sufficient to show the failure of the contention, and we think the ordinarily accepted meaning of the word "inspection" is fully as broad and comprehensive as the definition given by the lexicographer above. The name "inspector" is given to a person whose duty it is to make tests of machinery, and it is a generally recognized fact that, when an officer or agent of any kind is instructed to inspect, the duty goes beyond a mere survey of the eye, and implies such tests as are necessary to ascertain the quality of the thing inspected, whatever it may be, and we have no doubt that the jury in this case understood that a reasonable inspection meant a reasonable examination — such an examination as was necessary to determine the quality of the pipe. Possibly a better word might have been used by the court in its instructions to the jury, but cases will not be reversed on account of mere choice of expressions or words used by the court in its instructions to the jury.

The second instruction complained of was as to measure of damages. The court instructed the jury that the measure of damages was the difference between what the glass broken was worth immediately before the same was broken, and what it was worth immediately after it was broken. The complaint in this case alleges that plaintiff was damaged by the defendant by reason of its "breaking in and destroying glass in the doors and windows of said building of great value, to wit, of the value of two hundred sixty-six and 30-100 dollars ($266.30), to the damage and injury of said estate of L. M. Starr, deceased, in the sum of two hundred sixty-six and 30-100 dollars ($266.30)."

It is insisted by the appellant that the rule of dam-

ages should not be varied to meet the requirements of pleadings, but that it should be stated generally, and that the lower court should have instructed the jury that the measure of damages should include not only the value of the glass, but the expense of replacing the glass; in other words, that the amount of the recovery would be such an amount as would put the premises in as good condition as they were in before the accident. We think, however, that no element of damages could be awarded to the plaintiff that it did not claim in its complaint — that the judgment could not be greater than the demand — but, outside of this, we think the instruction was substantially correct, and was not in conflict with the ruling of this court in *Koch v. Investment Co.*, 9 Wash. 405 (37 Pac. 703). There is was said that such an instruction as was contended for by the appellants, under the circumstances of that case, was a good form of instruction, but it was also asserted that many other forms of charge which might have been given in such a case would have been proper. And with the view that we take of this case, even if the court had not given the proper instruction, it was absolutely immaterial under the evidence, for the jury failed to find any damages at all, and must have so failed to find because in their judgment the defendant was not proven guilty of neglect under the instructions of the court, which, we think, were proper.

The two other assignments go to the sufficiency of the testimony to sustain the verdict, or rather that the verdict was contrary to the evidence. We have examined the testimony in this case. It was submitted to the jury under proper instructions, and its verdict will not be disturbed by this court.

The judgment is affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.