PETTERSEN v. RAHTJEN'S AMERICAN COMPOSITION CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. TRIAL—INSTRUCTIONS—REFUSAL TO INSTRUCT—EFFECT.

The refusal to charge except as already charged by the court is an instruction to the jury inferentially, that the instruction requested is not wholly sound.

2. MASTER AND SERVANT—INJURIES TO SERVANT—PLACE OF WORK—SCAFFOLDS —CARE AND CONSTRUCTION—STATUTES.

Labor Law, Laws 1897, p. 467, c. 415, § 18, providing that a person employing another in the erection, etc., of any building, etc., shall not furnish or erect for the performance of such labor, scaffolds, etc., which are unsafe, unsuitable, or improper, and which are not so constructed

and operated as to give proper protection to employés, does not make the master an insurer of the employé's safety while on a scaffold constructed by the master, but only makes him responsible for the scaffold, as he is responsible at common law for a place of work.

3. SAME—DUTY TO INSPECT—DELEGATION OF DUTY.

The inspection of an employé's place of work is a nondelegable duty of the master.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 175, 235.]

4. WORDS AND PHRASES—"INSPECTION."

"Inspection" is not necessarily limited to visual examination, but is ordinarily understood to embrace such tests and examinations as are proper to determine fitness, and to include an inquiry into safety, efficiency, and quality not resting on visual inspection alone (citing Words & Phrases, vol. 4, p. 3657).

5. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS—NEGLIGENCE OF MASTER—SCAFFOLD—STATUTES.

Labor Law, Laws 1897, p. 467, c. 415, § 18, provides that a person employing another engaged in the erection, etc., of any building, etc., shall not furnish or erect scaffolds, etc., which are unsafe, unsuitable, or improper, and which are not so constructed as to give proper protection to employés. Plaintiff was injured while working on a scaffold erected by defendant, his employer, by the breaking of a plank therein, and the testimony was conflicting as to whether the plank was sound. The trial court read section 18 to the jury, and charged as to the master's duty generally, but had not charged on the master's duty to inspect, presented by a requested instruction by defendant, to the effect that, if the plank broke because of a defect not discoverable by inspection, the master was not negligent, and not liable for plaintiff's injuries, which the court refused to charge except as already instructed. *Held*, that the requested instruction was proper under the circumstances, and its refusal was reversible error, as the statute did not make the master an insurer, and he was not liable for defects of which he had no notice, and could not have discovered by the use of ordinary care.

Appeal from Trial Term, Kings County.

Action by Heleman Pettersen against the Rahtjen's American Composition Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

L. Sidney Carrero, for appellant.
Maurice Sichel, for respondent.

JENKS, J. This action is by a servant against his master for negligence whereby a plank of a scaffold broke. The judgment against the master should be reversed on an exception to a ruling upon its request for an instruction.

Plaintiff's witness testified that at the place of break there was a knot in the plank "twice the size of a silver dollar." For the defendant, its foreman testified that upon examination of this plank he could not find knot or other defect which could be the cause of the break, and its boss rigger, who supervised the building of the scaffold, testified that he looked over the planks used, which were of spruce, 3 inches thick and 22 feet long, to see if they were all good, sound, and solid for the men to work on; that he could not see anything the mat-

ter with them; and that before or after the break he could not see "where the flaw was in it." Thus both the existence of a knot or defect, and, if either existed, the possibility of discovery thereof, were in issue. At the close of the main charge the defendant asked for the following instruction:

"That, if the plank broke because of a defect which was not discoverable upon inspection, there is no negligence shown on the part of the master, and the defendant would not be liable in this case."

The court under exception denied the request except as "already charged on that point." The learned court had theretofore read to the jury the first paragraph of section 18 of the labor law (Laws 1897, p. 467, c. 415) and section 19 thereof, had instructed them in the language of Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662, as to the duty of the master, as to the legal effect of the fall of the scaffold in the absence of other evidence of a producing cause, and had charged that the liability of the master rested upon its negligence. But the court had not touched the point referred to in the request.

Although the court had charged correctly as to the liability of the master in general terms, yet the fact that it had not referred at all to the duty of inspection, and thereafter had declined a specific charge upon that point "except as already charged," makes the exception well taken, if the instruction asked was germane and sound; for the refusal to charge except as already charged is an instruction to the jury that the rule requested is not wholly sound. Meeker v. Smith, 84 App. Div. 111, 81 N. Y. Supp. 1067; Cushing v. Metropolitan Street R. Co., 92 App. Div. 512, 87 N. Y. Supp. 314. That the instruction was germane is shown by my summary of the testimony, and that it was sound I shall now strive to show.

Section 18 of the labor law "enlarges" the duty of the master "to responsibility for the safety of the scaffold itself," and thus in effect makes the scaffold a place of work in departure from the decisions under the common law like Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017, Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860, 56 Am. St. Rep. 630, and Stewart v. Ferguson, supra. The first paragraph of section 18 is a statutory declaration, in prohibitive form, that the master shall be responsible for a scaffold as a place of work as he is responsible at common law for a place of work. As to certain scaffoldings, the second paragraph of that section and other parts of the law prescribe certain safeguards and limit the strain upon them. But the scaffold in the case at bar is not of the kind referred to, and did not bear a prohibited weight at the time of its fall. The statute does not make the master an insurer, and has full vigor without such an interpretation. There is no reason why the master should be held an insurer as to one kind of place of work alone.

Any question of the plaintiff's conduct as a bar to his recovery was eliminated by the court without objection. The question for the jury in this case was whether the master was negligent in erecting or in furnishing to the servant for his work an unsafe scaffold. Inspection is a nondelegable duty of the master. If the word "inspection" must be limited to mere visual examination, then the request was not well

made, inasmuch as the question of the master's negligence involved a determination of the jury whether he had observed due care under all of the circumstances, and but for the instruction, if given, the jury might have determined that the master in discharge of that duty could and should have tested the planks and this plank in other ways than by scrutiny, and have found him negligent because he did not. But "inspection" is not limited necessarily to visual examination. It is ordinarily understood to embrace such tests and examinations as are proper to determine fitness, and to comprehend an inquiry into safety, efficiency, and quality not resting on visual inspection alone. Words and Phrases Judicially Defined, p. 3657, citing Fidelity & Casualty Co. v. City of Seattle, 16 Wash. 445, 47 Pac. 963, and Texas & P. R. Co. v. Allen, 114 Fed. 178, 52 C. C. A. 133. And in People v. Compagnie Gen. Transatlantique, 107 U. S. 59, 2 Sup. Ct. 87, 27 L. Ed. 383, the court say:

"What is an inspection? Something which can be accomplished by looking at, or weighing or measuring the thing to be inspected, or applying to it at once some crucial test. When testimony or evidence is to be taken and examined, it is not inspection in any sense whatever."

The term of the request, "discoverable by inspection," is comprehensive of any inspection which can discover.

Inasmuch, then, as the master is not liable to the servant for defects of which he had no notice and which he could not discover in the exercise of ordinary care (1 Shearman and Redfield on Negligence [5th Ed.] § 195, and authorities cited; Labatt on Master and Servant, § 156, and authorities cited; Carlson v. P. B. Co., 132 N. Y. 273, 30 N. E. 750), and there is no question of notice in the case, I think that the exception was well taken, and that the error is fatal to the judgment.

The judgment and order are reversed, and a new trial is granted.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.