LORENZO v. FAILLACE et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—DEFECTIVE SCAFFOLD —ACTION—PRESUMPTIONS.

Under Labor Law (Laws 1897, p. 467, c. 415) § 18, providing that a master shall not furnish unsafe scaffolding, a servant, suing for injuries from the breaking of a scaffold, need not in the first instance introduce any evidence from which the cause of the break might be inferred, nor evidence of any defect in the material, except such as might be drawn from the fact of its breaking.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877, 887; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—ACTIONS—EVIDENCE— REBUTTING PRESUMPTION OF MASTER'S NEGLIGENCE.

The master not being an insurer of the safety of the scaffold, if it introduces uncontradicted testimony of uninterested witnesses that there was no defect in the part of the scaffold which broke, but that the break was caused by negligence of the injured servant's fellow servants in using the scaffold in a manner for which it was not designed and contrary to their express instructions, the presumption of negligence would be overcome.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.

In an action by a servant for injuries caused by the breaking of a scaffold furnished by the master, evidence held to show that the break was caused by the negligence of the injured servant's fellow servants in dropping a heavy stone upon the scaffold, instead of putting it down carefully, as instructed by the master, and to rebut the presumption of the master's negligence arising from the breaking, under Labor Law (Laws 1897, p. 467, c. 415) § 18.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Westchester County Court.

Personal injury action by Constantino Lorenzo against Antonio Faillace and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

George C. Andrews, for appellants.

Frederick B. Van Kleeck, Jr., for respondent.

BURR, J. We think that the motion, made at the close of the case, to direct a verdict in favor of the defendants, should have been granted. The action was brought to recover damages for personal injuries sustained through the fall of a scaffold upon which plaintiff was at work, and which had been constructed by defendants' servants to be used in connection with the erection of a building. The plaintiff proved that a cross-piece which ran from an upright post to the top of the wall, and upon which the boards of the scaffold were placed, broke in the center, and the scaffold fell, and he sustained injuries in consequence thereof. Although he introduced no evidence from which the cause of the break might be inferred, nor any evidence of any defect in the material used in the construction of the scaffold, except such as might be drawn from the fact of the breaking of the cross-piece, under the provisions of the labor law this was sufficient in the first instance. Laws 1897, p. 467, c. 415, § 18; Stewart v. Ferguson, 52 App. Div. 317, 65 N. Y. Supp. 149, affirmed 164 N. Y. 553, 58 N. E. 662; Cummings v. Kenny, 97 App. Div. 114, 89 N. Y. Supp. 579. In the case last cited this court, speaking through Mr. Justice Woodward, said:

"The duty of the master, under the provisions of the labor law, is to use reasonable care to furnish safe appliances; * * * and when a ladder, scaffold, or other appliance mentioned in the statute breaks while in use for the purposes for which it was designed, it raises a presumption of negligence which, unexplained, justifies a recovery."

But a master is not an insurer of the safety of the scaffold (Pettersen v. Rahtjen's American Composition Co., 127 App. Div. 32, 111 N. Y. Supp. 329), and if the defendants introduce testimony of disinterested witnesses to the effect that there was no defect in the timber which broke, but that the breaking was caused by the careless or negligent conduct of plaintiff's fellow servants in using the scaffold in a manner for which it was not designed to be used, and contrary to their express instructions, and there is nothing to contradict this testimony, either in the shape of direct testimony or circumstances tending to discredit the same, the presumption of negligence is completely overcome, and defendants are absolved from responsibility (Cunningham v. Dady, 191 N. Y. 152, 83 N. E. 689).

In the case at bar, after the plaintiff had rested and the motion to dismiss had been denied, defendants introduced affirmative evidence that the broken stick was examined immediately after the accident and found to be a piece of sound timber. They also proved by an entire-

ly disinterested witness that the immediate cause of the break was the dropping of a heavy stone, weighing from 150 to 200 pounds, by the fellow workmen of plaintiff upon the scaffolding at the point where it broke. The stones above referred to, which were to be used in the construction of the building, were carried onto the scaffold in hand barrows, and the laborers who carried the stones were instructed to put these down carefully and then move the stone off. It appeared that the work was usually done in this way, but at the time of the happening of the accident, instead of doing that, they dropped the stone, the cross-piece broke, and the scaffold went down. The plaintiff was cross-examined in regard to the happening of the accident, and said that:

"I did not take any particular notice of them [the laborers] at the time they put the stone down on the scaffold. I did not notice, as a fact, that when those men delivered this stone on this scaffold they dumped it off the handle bars, instead of laying it down on the scaffold, as they were accustomed to do. * * * At the time the accident happened I did not notice whether those men dropped the stone or not. The only thing I noticed, the scaffold broke, and down I went."

The court correctly charged the jury that:

If "those two men that were carrying the stones to the plaintiff * * * came around there and threw those stones down in a reckless, careless way under their feet, and the scaffold was all right, but they knocked it down in a careless way, and this plaintiff was injured by the carelessness of his fellow servants, then the defendants are not liable."

The application of this rule of law to the uncontradicted evidence should have compelled the granting of the motion made at the close of the case; for the evidence that the accident happened in exactly such a manner was neither contradicted nor discredited.

The judgment and order appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.