## SMITH v. VARIETY IRON & STEEL CO.

(Supreme Court, Trial Term, Erie County.   February Term; 1911.)

MASTER AND SERVANT (§ 123*)—PLACE OF WORK—DEFECTIVE SCAFFOLD—STATUTORY LIABILITY.

　　Labor Law (Consol. Laws 1909, c. 31) § 18, providing that an employer, in erecting any structure, shall not furnish for the work scaffolding which is unsafe, etc., eliminates any question of mere negligence of an employer in furnishing a scaffold, and an employé injured by the fall of a scaffold may recover, though the employer proves that, if defects existed, they were latent, and not discoverable by inspection.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 233, 234; Dec. Dig. § 123.*]

Action by Thomas Smith against the Variety Iron & Steel Company. Plaintiff obtained a verdict. On motion for new trial on the minutes of the court. Denied.

Rebadow & Ladd, for the motion.

R. M. Stanley, opposed.

WHEELER, J. This is a motion for a new trial by the defendant, after a verdict in the plaintiff's favor for personal injuries received by him by falling from a hanging scaffolding or cage, while employed by the defendant in the erection of a steel stack being constructed by the defendant. The stack was about 8 feet in diameter, and was constructed of steel plates placed one above another and riveted together.

The plaintiff was an iron worker, engaged with others in placing and riveting these plates in position. · At the time of the accident the stack had been built to about the height of 65 feet. A hanging scaffold, or cage, so called, was furnished for the workmen to stand on while doing the work. It was built with a framework of angle iron and had a wooden floor. Certain parts of the framework of the cage were carried up and turned over into hooks, in which were placed sheaves or wheels. These were hung upon and over the upper edge of the plates, and supported the cage. The sheaves permitted the cage to be moved around the stack as occasion required. While the plaintiff was at work on this cage or hanging scaffold, one of these hangers broke, causing one end of the cage to fall, and the plaintiff was thrown from the cage a distance of some 62 feet to the ground, sustaining injuries for which this action was brought.

The plaintiff claimed the cage was improper, unsafe, and unsuitable, and the evidence tended to show that there was a flaw in the iron, and the steel forming it had become granulated and weakened by strain and use, and that it broke while in use, without any unusual strain having been placed upon it. There was also evidence tending to show that there had been a failure to comply with the requirements of the statute in not having on the cage a proper "safety rail." The defendant's claim was, and it introduced evidence tending to show, that the cage was properly constructed and had the required strength, and, if any defects existed in the hangers, the defects were latent ones, and not discernible by inspection. The contention of the defendant is that it did not guarantee or insure the safety of the cage, but was only liable for negligence in failing to furnish a proper scaffolding or cage. The plaintiff contended the obligation of the defendant to furnish a proper and safe scaffold or cage was an absolute one, not depending on knowledge or negligence of the defendant as to defects.

The court, in its charge to the jury, in various forms, both in its main charge and in response to requests of counsel, instructed the jury that the defendant was bound to furnish a proper and safe scaffold or stage, and that the statute imposed a positive and imperative duty on the defendant to see that such cage was reasonably safe and proper, and, if it was not such in fact, the defendant was liable, and the plaintiff entitled to recover, leaving it to the jury to say from all the evidence whether the cage was in fact a safe and proper cage or whether the accident was occasioned by an improper use of the cage by the plaintiff or his fellow workmen. To these rulings the defendant's counsel excepted, and now moves for a new trial on the ground of alleged errors in the instructions of the court.

The eighteenth section of the labor law of this state provides:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. Scaffolding or staging swung or suspended from an overhead support, more than twenty feet from the ground or floor, shall have a safety rail of wood, properly bolted, secured

and braced, rising at least thirty-four inches above the floor or main portions of such scaffolding or staging and extending along the entire length of the outside and the ends thereof, and properly attached thereto, and such scaffolding or staging shall be so fastened as to prevent the same from swaying from the building or structure."

This statute was the subject of judicial construction in the case of Stewart v. Ferguson, 164 N. Y. 553–556, 58 N. E. 662, 663, where the Court of Appeals, commenting on its provisions, said:

"This section differs from section 1, c. 314, Laws 1885, in this respect: That section provides for the punishment of knowingly or negligently doing the acts mentioned in this section. This section omits the words 'knowingly or negligently,' and declares that the acts shall not be done. The plaintiff would have to prove either knowledge or actual negligence under the earlier act, and the defendant, no doubt, could invoke for his protection upon the charge of negligence the distinction between his negligence and that of his servants as laid down in the case of Butler v. Townsend, supra [126 N. Y. 105, 26 N. E. 1017]. This probably explains why the earlier act was not noticed in Butler v. Townsend, in Kimmer v. Weber, supra [151 N. Y. 417, 45 N. E. 860, 56 Am. St. Rep. 630], and in the cases in the Appellate Division cited by the appellant. Section 18 is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants."

In the later case of Caddy v. Interborough Rapid Transit Co., 195 N. Y. 418, 88 N. E. 748 (30 L. R. A. [N. S.] 30), the court again construed the provisions of this statute, and said:

"In considering this statute in the case of Stewart v. Ferguson, 164 N. Y. 553, 556 [58 N. E. 662], this court held that section 18 lays upon the master a positive prohibition, from the violation of which neither his own ignorance nor the carelessness of his servants will shield him. In that case the statute as it now stands was compared with the provisions of an earlier one (Laws 1885, c. 314, § 1), under which the master was charged with responsibility for 'knowingly and negligently' furnishing defective scaffolding, etc., and the decision was predicated upon the obvious purpose of the Legislature to impose upon the employer the affirmative and imperative duty to furnish to his employés stagings and scaffoldings for certain purposes that are safe, suitable, and proper, regardless of the employer's knowledge or negligence in the matter. This is absolute and unequivocal. Whenever a scaffold is furnished or caused to be furnished by an employer, to be used in erecting, repairing, altering, or painting a house, building, or structure, it must be safe, suitable and proper, or the employer is liable."

In disposing of this case, the court followed the rule of law, as we understand it, as laid down by the Court of Appeals in the two cases cited.

We are quite aware that the Appellate Division of this court for the Second Department has held that the employer was not the insurer of the safety of scaffolding. See Pettersen v. Rahtjen's American Composition Co., 127 App. Div. 32, 111 N. Y. Supp. 329; Lorenzo v. Faillace, 132 App. Div. 103, 116 N. Y. Supp. 326. The case of Caddy v. Interborough Rapid Transit Co., 195 N. Y. 418, 88 N. E. 747, 30 L. R. A. (N. S.) 30, is the very latest case speaking on the subject, and the trial court, notwithstanding the decisions of the Appellate Division for the Second Department, feels constrained to follow the law as there explained. It is the decision of the highest court of the state, and the language employed by the court is so plain and explicit on the subject that there can be no mistaking its meaning and purport.

It eliminates from cases of this kind the question of mere negligence, and puts on the employer, and not on the employé, the risk of defective scaffolding or staging. See, also, Huston v. Dobson, 138 App. Div. 810, 123 N. Y. Supp. 892.

. For these reasons, the motion for a new trial must be denied. So ordered.