### SMITH v. VARIETY IRON & STEEL WORKS CO.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1911.)

1. MASTER AND SERVANT (§ 124*) — DEFECTIVE SCAFFOLD — STATUTORY LIABILITY.

Under Labor Law (Consol. Laws 1909, c. 31) §§ 18, 19, prohibiting an employer from furnishing in erecting a structure a scaffold which is unsafe or insufficient to bear four times the maximum weight required when in use, an employer is responsible for the safety of a scaffold, and an employé injured by the fall of a scaffold while used in the ordinary way and not subjected to unusual strain may recover, though the defects in the scaffold were not discoverable by any reasonable inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

2. APPEAL AND ERROR (§ 215*)—REVIEW—QUESTIONS NOT RAISED BELOW.

Objection to instructions not raised in the trial court will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. § 215;* Trial, Cent. Dig. §§ 683–695.]

McLennan, P. J., dissenting.

Appeal from Trial Term, Erie County.

Action by Thomas Smith against the Variety Iron & Steel Works Company. From a judgment at Trial Term (72 Misc. Rep. 537, 130

---

N. Y. Supp. 277) for plaintiff, and from so much of an order as denies a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Carlton E. Ladd, for appellant.

Ray M. Stanley, for respondent.

KRUSE, J. The plaintiff, a workman, was at work upon a scaffold which broke through weakness. He fell, and was hurt through no fault of his. We may also assume, as defendant contends, that the weakness of the scaffold was not discoverable by any reasonable inspection, as the trial court held that the defendant was bound to furnish a safe scaffold irrespective of that fact. The details of the casualty are fully set forth in the opinion of the presiding justice.

[1] The question here is whether the workman or his employer shall bear the pecuniary loss resulting to the workman from the injuries so sustained by him. The answer to that question is found in the provision of the labor law which forbids an employer to furnish a scaffold for the performance of work such as the plaintiff was doing, which is unsafe, unsuitable, or improper, and which is not so constructed, placed, and operated as to give proper protection to the life and limb of a person so employed or engaged, and, as a precaution, further requires the scaffold to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use. Labor Law, §§ 18, 19. That this scaffold did not answer the requirements of the statute seems plain. It was being used in the ordinary way, and was not subjected to any unusual strain. It failed to carry the weight it was expected to carry. Indeed, it is hardly claimed that it was safe, but the defendant seeks to avoid liability because the weakness was of such a character as not to be discoverable by any ordinary inspection. I think that will not save the defendant from liability. There was an absolute duty imposed by law upon it to furnish a safe and proper scaffold. Caddy v. Interborough Rapid Transit Co., 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30; Gombert v. McKay, 201 N. Y. 27, 94 N. E. 186. As is said in the case last above cited:

"The statute broadens in a substantial and important degree the liability of the class of employers designated by it. It in terms absolutely forbids those employers to furnish or operate, or cause to be furnished or operated, any apparatus therein mentioned of the character and quality described by it. It in its effect provides that any employer who either personally or by another furnishes for the performance of any named labor a forbidden article shall be responsible therefor."

But it is said that the Court of Appeals did not intend to so hold, and that in any event that doctrine has been repudiated in the recent case of Ives v. South Buffalo Railway Co., 201 N. Y. 271, 94 N. E. 431. I do not so understand that decision. Indeed, I think what is said by Judge Werner in the Ives Case confirms rather than repudiates the doctrine of the former decisions of that court relating to the duty of an employer to furnish safe appliances, such as scaffolds as provided by the labor law.

It was there argued in support of the validity of the workmen's compensation act (Laws 1910, c. 674) that, if it was competent for the Legislature to make an employer liable for the consequences of an unsafe implement, it was competent to enact the compensation act. Judge Werner, in referring to that argument, says (Ives v. South Buffalo Railway Company, supra, at page 303 of 201 N. Y., at page 443 of 94 N. E.) :

"In this argument the learned counsel ignores, or at least misses, as we think, the vital distinction between legislation which imposes upon an employer a legal duty, for the failure to perform which he may be penalized or rendered liable in damages, and legislation which makes him liable notwithstanding he has faithfully observed every duty imposed upon him by law."

The defendant is not held liable for injuries to its workmen occasioned without any fault upon its part. It was at fault in furnishing a scaffold which was not safe, as the statute required it to do. While the scaffold appeared to be safe, it was, in fact, insecure. Under the law the employer became responsible for the safety of the scaffold when he directed the workmen to use the scaffold. It may have been competent for the workman to assume the risk, but he did not, and the provisions of the statute are as effective as though expressly embodied in the contract of employment under which the plaintiff was engaged in doing his work.

Work such as the plaintiff was doing is at best hazardous. As is well known, many a workman has lost his life or been seriously injured by the falling of insecure scaffolding. The purpose of this statute is to protect against accidents of that character, and, where they do happen, to hold responsible the employer who furnished the weak and unsafe scaffold. Such a statute violates no rule of public policy, and offends no provision of the Constitution, and the statute ought not to be shorn of its efficiency and its beneficial purpose thwarted by judicial interpretation. If the statute simply means that an employer must use reasonable care to furnish a safe scaffold, I see no purpose in passing it, as it has been the rule of the common law for centuries that a master must use reasonable care to furnish a safe working place for his servant, and appliances and tools reasonably fit and safe to do the work.

[2] Just a word as to the railing. Defendant complains of the charge of the court in permitting the jury to say whether the guard rail on the scaffold was at a proper height, but the charge as finally left, upon the subject of the rail, seems to have been satisfactory. At all events, I do not find that the question which is now urged was raised at the trial.

I think the judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). This is an appeal from a judgment in favor of the plaintiff for $3,000 damages, and $104.50 costs, entered in the office of the clerk of Erie county on the 15th day of February, 1911, upon the verdict of a jury rendered at a Trial Term of the Supreme Court held in and for said county; also from an

order denying defendant's motion for a new trial made upon the minutes of the court upon all the grounds specified in section 999 of the Code of Civil Procedure, except that of excessive verdict. The action was commenced on the 3d day of June, 1910, to recover damages for injuries sustained by the plaintiff alleged to have been caused solely through the negligence of the defendant.

About noon on the 31st day of March, 1910, the plaintiff while in defendant's employ was engaged with another employé in constructing a stack, so called, upon the premises of the Wickwire Steel Company in the town of Tonawanda, Erie county, N. Y., and received the injuries for which he seeks to recover damages in this action. Such stack, which was to be used in the reduction of iron ore, was eight feet in diameter, and, when completed, was to be 120 feet or more in height. At the time of the accident the stack had been constructed to a height of about 65 feet, and for the purpose of enabling the plaintiff and his coemployé to construct such stack they were furnished by the defendant with a scaffold, made of angle iron, which was suspended from the top of such stack by means of clamps or steel hangers, which were attached to such scaffold. The scaffold was so arranged that it could be moved around the entire stack. When the entire upper surface of the stack had been raised a certain distance, the clamps or hangers were placed upon the higher level of the stack, thus raising the scaffold to such height as would enable the plaintiff and his coemployé to add another section to the height of the stack. While thus engaged upon the scaffold, one of the clamps or hangers broke, and one end of the scaffold dropped, and the plaintiff fell and slipped through between the floor of the scaffold and the rail which surrounded it to the ground below, and sustained the injuries for which he seeks to recover damages in this action.

The charge of negligence against the defendant is that it failed to provide a reasonably safe place for the plaintiff in which to work; that the scaffold was of insufficient strength; that the guard hook which held the scaffold to the stack was improperly and insufficiently attached, and was old and rusty; and that the scaffold had no safety rail surrounding the outside and end as provided by section 18 of the labor law. I think that there is no question presented as to the plaintiff's contributory negligence. Neither do I think that there is involved in this case the question of the assumption of risk by the plaintiff.

The real question presented by this appeal is whether or not an employer who directs an employé to work upon a scaffold erected under the direction of such employer is liable because of defects in such scaffold which could not be ascertained by any human foresight or inspection or test of the same. It is practically conceded in the case at bar that the hanger or steel clamp broke without any fault which could have been discovered by the defendant. It was of proper size and dimensions. Concededly it was of the best quality of steel, and the evidence clearly indicates that the hanger's delinquency in strength could only be ascertained after such hanger had been broken. After the breaking of such hanger, it was discovered that there

was a weak spot in it and such as to render it incapable of sustaining the load which was to be put on it. In my opinion, if such hanger had been duly tested, and it was found that such test complied with the provisions of the labor law, the defendant should not be held liable; and this brings us to a consideration of the proposition as to whether or not the Court of Appeals in the case of Caddy v. Interborough Rapid Transit Co., 195 N. Y. 418, 88 N. E. 747, 30 L. R. A. (N. S.) 30, intended to hold and decide that an employé who goes upon a scaffold erected by an employer is entitled to recover from such employer the damages sustained by him, irrespective of whether the defendant was or was not guilty of wrong or negligence in the premises. I think it has not yet been held by the Court of Appeals that an employer who directs his employé to work upon a scaffold erected and constructed by such employer is liable to the injured employé as a matter of law, and independent of any other circumstances.

In the case at bar it may be conceded that the defendant was ignorant of the strength or nonstrength of the clamp or hanger which broke. That would be no defense under the provisions of the statute. It also may be conceded that all of defendant's servants were careless in the erection and maintenance of the scaffold. That would be no defense, because, under the statute, the defendant in such case is charged with the duty of furnishing its employés a safe place in which to work, and such duty cannot be delegated to another. But does this mean that in the case of scaffolding the employer is made an absolute insurer of his employé's safety? We think not, notwithstanding the language used in the case of Caddy v. Interborough Rapid Transit Co., supra, which is:

"Whenever a scafford is furnished or caused to be furnished by an employer to be used in erecting, repairing, altering or painting a house, building, or structure, it must be safe, suitable, and proper, or the employer is liable."

If this language is given its full force and effect, then a defendant may be made in such case liable through no fault of his, and so that he in no case could be relieved from liability in case his employé was injured. I understand that in the case of Ives v. South Buffalo Railway Company, 201 N. Y. 271, 94 N. E. 431, it was distinctly held that a statute which assumed to place a responsibility on a defendant in an action not resulting from fault on the part of such defendant, or which could have been prevented by him, was in violation of the federal and state Constitutions, and therefore was void. In the case at bar the evidence tended to show that no inspection which the defendant could have made would have disclosed the defect which caused the clamp or hanger in question to break.

The learned trial judge charged the jury, in substance, that, notwithstanding no human foresight, investigation, or test could have discovered that the clamp or hanger in question was defective, yet the defendant was liable for injuries sustained by its employé. In the case at bar the hanger in question was made of steel. Concededly it was of sufficient size and dimensions to sustain 10 times the load put upon it. As a matter of fact, because of crystallization at the point where it broke, it was defective, but the evidence clearly demonstrates that such defect could not have been discovered except by

breaking the clamp or hanger. I agree that under sections 18 and 19 of the labor law, so called, it is no defense to an employer to say that he did not know that a scaffold upon which he directed his employés to work was not safe, or that his superintendent or foreman was careless in making or constructing such scaffold, but I do not think it follows that where an employer has used every precaution, as in this case, to make a scaffold safe, procured the best steel, made it of more than sufficient capacity to carry the weight intended to be put upon it, and used every means of inspection tending to show its capacity in that regard, such employer is nevertheless responsible as matter of law for any accident which may result to an employé in the use of such scaffold. In this case the learned court below charged the jury, in substance, that the plaintiff could recover provided the accident happened without fault on his part. The learned trial court refused to charge upon the defendant's request that it, the defendant, was not required to see to it that the scaffold "was absolutely safe beyond the power of human foresight to anticipate disaster or to detect flaws or defects that could not be discovered by any known inspection or test." In my opinion, if the language used in Ives v. South Buffalo Railway Co., supra, is given its full force and significance, a statute which imposes liability upon a citizen for injuries which result without fault or wrong on his part is void because in violation of the Constitution. In the case at bar the learned trial court held, in substance, that the defendant was liable as a matter of law because the scaffold in question fell, holding, in substance, that in such case the master was an insurer of his employé's safety, and such holding was based upon the decision in Caddy v. Interborough Rapid Transit Co., supra, at page 419 of 195 N. Y., at page 748 of 88 N. E. (30 L. R. A. [N. S.] 30) which states:

"Whenever a scaffold is furnished or caused to be furnished by an employer to be used in erecting, repairing, altering, or painting a house, building, or structure, it must be safe, suitable, and proper, or the employer is liable."

I think that such language, if given its full force and meaning, cannot be reconciled with the decision of the Court of Appeals in Ives. v. South Buffalo Railway Co., supra, which, as we conclude, declares such provision unconstitutional and void.

In this case, and it is an important one, if the judgment is affirmed, it will mean that any person employed upon a scaffold may recover for injuries resulting because of defects in such scaffold, irrespective of what the employer may or may not have done to see to it that such scaffold is perfect in every respect. In other words, it makes the master an insurer of the safety of the employé and responsible for any injury which may come to him not occasioned by such employé's own fault or negligence. I do not think that the Court of Appeals in its decision in the case of Caddy v. Interborough Rapid Transit Co., supra, intended to hold any such doctrine, and that, in any event, the doctrine that a defendant should be held liable for an accident which happens without fault on his part is repudiated in the case of Ives v. South Buffalo Railway Co., supra.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.