(155 App. Div. 403.)

## ROLFSEN v. MATHISEN.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

MASTER AND SERVANT (§ 286*)—INJURIES—JURY QUESTION.

>    In an action for injuries by being thrown from a scaffold upon which plaintiff was working by a board slipping from a workman above and striking the scaffold, breaking it, whether the employer was negligent in not foreseeing that such an accident might happen and making the scaffold sufficiently strong to prevent it *held* a jury question.

>    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

>    Jenks, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Arne Rolfsen against Torsten Mathisen. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR. WOODWARD, and RICH, JJ.

Herman N. Hansen, of New York City, for appellant.

Edgar J. Treacy, of New York City, for respondent. .

PER CURIAM. The law forbids a master, employing or directing another to perform labor of any kind in the erection of a house, building, or structure, to furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding which is unsafe, unstable, or improper, or which is not so constructed, furnished, or operated as to give proper protection to the life and limb of the person so employed or engaged. Consolidated Laws, c. 31 (Laws of 1909, c. 36) § 18. It further requires that all stationary scaffolding shall be so constructed as to bear four times the maximum weight required to be placed thereon when in use. Id. § 19.

Plaintiff and another were standing upon a scaffold furnished by defendant, and intended for the use of both of them, and were engaged in putting siding boards upon the wall of a building. While thus engaged, one of the boards, weighing 25 or 30 pounds, slipped from the hands of the fellow workman and struck the scaffold, which thereupon broke, and plaintiff was thrown to the ground and injured. We think that there was evidence sufficient to go to the jury that the only material furnished by defendant for the construction of such scaffold was unfit for the purpose, both because it was not of a kind usually employed therefor, and because it was not sufficiently heavy to bear the strain that might be reasonably placed thereon. If there was any deficiency of evidence upon that point, it is sufficient to say that the trial court excluded testimony which might have established this. The case of Lorenzo v. Faillace, 132 App. Div. 103, 116 N. Y. Supp. 326, relied upon by respondent, is clearly distinguishable from the case at bar. In that case it appeared without contradiction that there was no defect in the material from which the scaffold was constructed, and that the immediate cause of the break was the dropping of a heavy stone there-

on by plaintiff's fellow servants, contrary to defendant's instructions. In this case the board that fell was not of great weight, and the fact that in the progress of the work such a board might accidentally fall should have been within the reasonable contemplation of the master, and the scaffold made sufficiently strong to guard against the consequences of this contingency. At least it was a question for the jury whether such was not the case.

The judgment of nonsuit should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG, BURR, WOODWARD, and RICH, JJ., concur. JENKS, P. J., dissents.