## MAXWELL v. G. H. PETERS CO.

(Supreme Court, Appellate Division, Fourth Department.   January 6, 1915.)

Appeal from Trial Term, Erie County.

Action by Anna L. Maxwell, as administratrix of the estate of Charles W. Maxwell, deceased, against the G. H. Peters Company. From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Alonzo G. Hinkley, of Buffalo, for appellant.

Almon W. Lytle, of Buffalo, for respondent.

PER CURIAM.   Judgment affirmed, with costs.   All concur, except

KRUSE, P. J. (dissenting).   The plaintiff's intestate, a roofer and slater, while at work upon the roof of a church in the city of Buffalo, was precipitated to the ground, falling a distance of about 30 feet, eventually resulting in his death.   His fall was caused by the giving way of the scaffold upon which he was working.   The scaffold consisted of a plank or two laid upon three triangular brackets, resting upon the roof, so placed that the upper sides of the brackets, upon which the plank was laid, were horizontal or level.   The scaffold was held in place by a rope attached to each bracket and fastened at the peak of the roof.   One of the brackets collapsed, causing the plank with the workmen thereon to slide down the roof, and the three men (two besides the plaintiff's intestate) fell to the ground.

At the close of the plaintiff's case the defendant moved for a nonsuit, contending generally that no case had been made out, that the plaintiff failed to show negligence upon the part of the defendant, or freedom from negligence upon the part of the deceased, and specifically urged that the legal relation which the deceased sustained to the defendant was that of an independent contractor, and not an employé, and that the defendant never furnished the scaffold, or any part of it, within the meaning of the Labor Law, or otherwise, and was never under any obligation to furnish the same.   The motion for a nonsuit was denied; the trial court holding that a prima facie case had been made out, and that the evidence, unexplained, would warrant the jury in finding that the deceased was an employé of the defendant.

I think that ruling was correct.   The evidence tended to show that the work which was being done by the deceased and his coworkers was under the direction and control of the defendant.   Both Hummel, the defendant's general manager, and Lutz, who had charge of its outside work, gave directions, not only to the deceased, but to his coworkers, respecting the work which they were doing upon this and similar jobs being done for the defendant at about the same time as this.   Although the deceased had the immediate charge and direction of the men who worked with him, and paid them, the money therefor was obtained from the defendant.   The deceased made up the pay roll each week, which included his time, as well as that of his coworkers;

and thereupon the defendant furnished the amount of the pay roll, and the money so obtained was paid over to the workmen. Usually a Miss Smith, who assisted the deceased in making up the pay roll, notified the defendant's bookkeeper of the amount of the pay roll and obtained the money, giving a receipted slip therefor to the defendant, and she personally paid the amount coming to each one of the workmen. The evidence is practically without dispute that the defendant furnished all the parts of the scaffold, with the possible exception of the planks. The only infirmity or insecurity in the scaffold was in the bracket, and that broke without the scaffold being loaded beyond its usual load.

It was contended by the defendant, at the close of all the evidence, that the effect of the evidence given on behalf of the plaintiff, tending to show a legal liability against the defendant, had been entirely overcome by the testimony of the defendant's general manager and its bookkeeper, and that seems to have been the view entertained by the learned trial judge, as he nonsuited the plaintiff. If full credit is to be given to the testimony of the manager and bookkeeeper (to which I will call attention presently) respecting the arrangement under which the deceased was to do work of this character for the defendant and have the use of the scaffolding, and that arrangement applied to the work which was being done at the time of the accident, then I think the non-·suit was proper. But in view of the relation of these two witnesses to the defendant, and their testimony upon cross-examination, and the surrounding circumstances, I am of the opinion that a case was made out for the jury upon all the evidence. Elwood v. Western Union Tel. Co., 45 N. Y. 549, 6 Am. Rep. 140; Matter of Kindberg, 207 N. Y. 220, 226, 227, 100 N. E. 789; Hunt v. Pulp & Paper Co., 100 App. Div. 119, 91 N. Y. Supp. 279, affirmed 183 N. Y. 544, 76 N. E. 1097.

Although Hummel was not a stockholder of the defendant, his wife was a director, and secretary and treasurer of the company, and he managed its business. Hummel admitted that originally the deceased did the work of slate roofing and tile roofing for the defendant by the hour, but in that connection testified that in the spring of 1911 the defendant quit hiring slaters by the hour; that not later than May of that year he made an arrangement with the deceased to do the work by the square at certain fixed prices, to be paid weekly for the work done; that the defendant was to supply the material, the slate, nails, and felt, and loan to the deceased the scaffolding; that the defendant would loan him any brackets he might pick out, but he was to take his own chances on· that, and take care of them, and that the defendant was not to be responsible for the scaffolding under any circumstances. The testimony of the bookkeeper corroborates the testimony of Hummel in that regard. Hummel and Lutz both admit giving directions about the work, but each insists that it was only to see that the work was up to the requirements of the architect, although Wise, one of the workmen upon the scaffold when it broke, testified that he was directed by Hummel to start the job upon which the accident happened, and that he did so, taking two men with him, and that at that time the deceased was working upon another job. Hummel admits directing Wise

to commence the job, but states that he told the deceased of what he had done.

The defendant urges that all the directions given by either Hummel or Lutz were entirely consistent with its claim that the deceased was an independent subcontractor, and not an employé of the defendant. It is said that the statements produced upon the trial, which were rendered by the deceased to the defendant for work done by him, corroborate the testimony of Hummel and the bookkeeper. That is true to the extent that most of the work covered by the statements is charged for by the square, but not all. Some of the work done but a short time before the accident, and long after the spring of 1911, including the deceased as well as others working upon the same job, is charged for by the hour, and as regards the only item included in the statements for work done on the particular job where the accident happened there is nothing to show that it was done by the square. The item is: "Church of Redeemer, felt and punch slate, $10.84."

I do not intend to intimate that Hummel and the bookkeeper were not truthful; but in view of the death of plaintiff's intestate and the surrounding circumstances, the credibility of their testimony and its application to the particular job should have been submitted to the careful scrutiny of the jury. If it should be found that no such understanding was had, respecting the scaffolding as is testified to by Hummel and the bookkeeper, or that it did not apply to the job where the accident happened, then I think the defendant may be found liable.

Even though the deceased was paid by the square, it does not follow that he was an independent contractor. That would be so if the men under his direction and control were his employés, and not those of the defendant, and the deceased was only accountable to the defendant for the result of the work, regardless of the method of accomplishing the same. But if, upon the other hand, the deceased and the men with him were at all times subject to the direction and control of the defendant as to the method of doing the work and accomplishing the result contemplated by the undertaking, then he would not be an independent contractor, but a servant, in a legal sense. Blake v. Ferris, 5 N. Y. 48, 55 Am. Dec. 304; 1 Shearman & Redfield on Negligence (6th Ed.) §§ 164, 167. His compensation might be measured by the difference between what his coworkers were paid and the total value of the work, computed by the price per square.

However, irrespective of that question, if the defendant employed or directed the deceased to perform labor in erecting this building, he was forbidden to furnish improper or unsafe scaffolding for doing the work. Labor Law (Consol. Laws, c. 31) § 18, Laws of 1909, c. 36; Caddy v. Transit Co., 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30; Smith v. Variety Iron & Steel Works, 147 App. Div. 242, 131 N. Y. Supp. 1033, affirmed in Court of Appeals on other grounds 208 N. Y. 543, 101 N. E. 709. It is true that the workmen put the scaffold in place, but the infirmity did not arise in erecting the scaffold; it arose from the defective bracket which was a part of the scaffolding and furnished by the defendant for the purpose of doing the work.

Under the circumstances of this case I think the defendant may be

liable, without regard to whether the deceased was a servant or sub-contractor of the defendant. Quigley v. Thatcher, 207 N. Y. 66, 100 N. E. 596; Lester v. Graham, 157 App. Div. 651, 142 N. Y. Supp. 739; Cohn v. Sekosky, 157 App. Div. 196, 141 N. Y. Supp. 811; Pedersin v. Michel Brewing Co., 156 App. Div. 383, 141 N. Y. Supp. 399; Connors v. Great Northern Elevator Co., 90 App. Div. 311, 85 N. Y. Supp. 644, affirmed 180 N. Y. 509, 72 N. E. 1140.

I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.