SMITH v. RUSSELL et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

1. MASTER AND SERVANT ⬦⟹321—INJURY TO SERVANT OF INDEPENDENT CONTRACTOR—SAFE PLACE.

The owner of premises under construction, who agreed himself to furnish, and place in the walls, all door and window frames, and to furnish floor and ceiling joists, was not liable to the employé of the contractor for the outside walls for injuries through the collapse of the floor joists, properly installed by the owner, on which the employing contractor had piled concrete blocks for the outside walls, an unreasonable use of the floors, instead of erecting outside scaffolding, since the owner's agreement did not cover the furnishing of scaffolding for the construction of the outside walls.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. ⬦⟹321.]

2. MASTER AND SERVANT ⬦⟹321—INJURY TO SERVANT OF INDEPENDENT CONTRACTOR—DUTY OF OWNER.

The mere fact that the owner of a building under construction, who agreed to place floor joists himself, made no objection to the contractor for the outside walls using the floor to support cement blocks for such walls, did not impose upon such owner the obligations fixed by Labor Law (Consol. Laws, c. 31) § 18, touching the erection of scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. ⬦⟹321.]

3. MASTER AND SERVANT ⬦⟹286(17), 332(3)—OBLIGATION OF OWNER OF PREMISES—REASONABLENESS OF USE OF FLOORS—QUESTION FOR JURY.

In an action for personal injuries by an employé against his employer, contractor for the outside walls of a building, and against the owner thereof, who had agreed to lay floor joists, such injuries having been occasioned by the collapse of the floors when the employing contractor piled on them cement blocks for the outside walls, the question of the reasonableness of such use of the floor, determining the owner's liability, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1024, 1276; Dec. Dig. ⬦⟹286(17), 332(3).]

4. MASTER AND SERVANT ⬦⟹116(1)—INJURY TO SERVANT—LIABILITY OF MASTER.

The contractor for the erection of the outside walls of a building was liable for injuries to his servant, occasioned by the collapse of the floor

on which such contractor had piled cement blocks for use in the walls, instead of erecting scaffolding to handle them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. ⊛116(1).]

Appeal from Trial Term, Delaware County.

Action by Harvey Smith against Rolland Russell and Howard Northrup. From a judgment for plaintiff, and from orders denying defendants' motions for a new trial, defendants appeal. Judgment and order as to defendant Russell affirmed, and reversed as to defendant Northrup.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

A. D. & C. N. Peake, of Walton (A. D. Peake, of Walton, of counsel), for appellant Russell.

Fancher & Fancher, of Walton (A. G. Patterson, of Walton, of counsel), for appellant Northrup.

Arthur E. Conner, of Walton, for respondent.

WOODWARD, J. The plaintiff was employed by the defendant Russell. Russell had entered into a contract in writing with the defendant Northrup by the terms of which Russell was to do the excavating, construct the foundation, and erect the walls of the two-story theater building where the accident out of which this action arose occurred. The defendant Northrup was the owner of the premises, and he agreed to furnish, and place in the walls as the work progressed, all doors and window frames, as per plan; also floor and ceiling joists. The building had reached a stage in the construction where the second floor joists were put into place by the defendant Northrup, and the employés of the latter appear to have been at work on the interior. The defendant Russell, as appears from his own testimony, was making use of these floor joists for the purpose of storing the concrete blocks of which the outside walls were being constructed, because he could perform his contract cheaper by so doing than by erecting scaffolding upon the outside of the building and taking them up on the outside. While a quantity of this material was being placed and moved about the floor upon the joists which the defendant Northrup had placed, the floor collapsed, and the plaintiff, Smith, was more or less seriously injured.

[1-3] There can be no reasonable doubt that it was incumbent upon the defendant to supply the necessary scaffoldings and appliances for the construction of the outside walls of this building, and that no such duty rested upon the defendant Northrup. The latter had merely agreed to "furnish, and place in walls as the work progresses, all door and window frames, as per plan, also floor and ceiling joists," and having done these things in a proper manner no further obligation rested upon him. The suggestion that this contract can be read to impose the duty of furnishing scaffoldings to the defendant Russell, or that the defendant Northrup undertook to furnish such scaffoldings, is wholly without force. He merely undertook to furnish and place the floor and ceiling joists in the construction of this build-

ing. He said in effect that he would place in the building, as the work progressed, and as required by the plans, the floor and ceiling joists. He would put in such floor and ceiling joists as the plans called for, or such as were necessary to support the floors and ceilings of the building under construction.

To undertake to make this cover the furnishing of scaffolding for the construction of the outside walls of the building is absurd. He had performed his entire duty in the premises when he had furnished and placed the joists necessary to support the floors of the building, and the mere fact that he may not have raised objections to the defendant Russell using the floor in the work of construction does not impose upon him the duties and obligations fixed by section 18 of the Labor Law in respect to the erection of scaffoldings. The floor joists were put in place by the defendant Northrup for the sole purpose, so far as he is concerned, of performing his part of the contract, which made no suggestion of scaffolding, but of floors for the building, and there is no evidence whatever that the joists were not strong enough, or that they were not properly placed, to accomplish all of the purposes for which Northrup had designed them. If defendant Russell saw fit to make use of these floor joists for scaffolding, it was clearly his duty to determine whether they were proper for this purpose.

Defendant Northrup, by placing floor joists under his contract with Russell, did not warrant their use for the purposes of defendant Russell's contract. He assumed no other liability than their use as floors in the character of building then under construction, and it was error, therefore, for the learned trial court to refuse to charge that, if the jury find the defendant Russell's use of this structure was unreasonable, defendant Northrup is not liable. Russell knew all about the building. Northrup had no obligation to construct a scaffolding. He had only undertaken to place the floor joists, and when these joists were put to any other use than that of supporting the floor of this building, the question of the reasonableness of that use was for the jury, and it was the duty of the court to so charge upon the defendant Northrup's request. Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 77 N. E. 386, 112 Am. St. Rep. 615; Lorenzo v. Faillace, 132 App. Div. 103, 116 N. Y. Supp. 326.

[4] We are fully persuaded that the defendant Russell failed in the discharge of his duty to the plaintiff, and that as to him the verdict was proper, and the judgment and order should be affirmed; but in the case of the defendant Northrup there was neither an obligation to construct a scaffolding nor an invitation to use the floor joists as such scaffolding, and that the error of the court, in refusing to charge as requested, demands the reversal of the judgment and order as to him. The judgment and order should be affirmed as to defendant Russell, and as to defendant Northrup should be reversed.

Judgment and order affirmed, with costs, as to defendant Russell, and as to defendant Northrup judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.