## SECOND DEPARTMENT, FEBRUARY, 1917.

FRANK SKRODANES and MONAKA NATASKA, as Administrators, etc., of JOSEPH SKRODANES, Deceased, Respondents, v. THE KNICKERBOCKER ICE COMPANY, Appellant.

*Master and servant — negligence — defective rope — evidence.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 25th day of May, 1916, in favor of the plaintiffs, and from an order entered in said office on the same day, denying its motion for a new trial.

We do not think that the request to charge, discussed in the dissenting opinion, should be regarded as limited to the breaking of the rope from a defect therein, but that the request was general and embraced also a breaking from the negligent use of the rope, and that, therefore, the request was properly refused. We think, moreover, that the testimony of the experts as to the present condition of the rope was competent. It had been in the possession of the defendant, unused, since the accident. Defendant's evidence showed no change in its condition except from drying out. Judgment and order affirmed, with costs. Stapleton, Mills and Rich, JJ., concurred; Jenks, P. J., read for reversal; Carr, J., not voting.

JENKS, P. J. (dissenting): I dissent. The plaintiffs litigated the defective condition of the rope and the negligent method of doing the work at the instance of defendant's foreman. The learned court charged the jury that if the greater weight of the evidence established that the rope was defective or that the order or act of the superintendent was careless or negligent and that one or both caused the accident, then there would be a verdict for the plaintiffs, in the absence of contributory negligence. At the close of the charge the defendant requested an instruction, "if the rope broke because of a defect that could not be discovered by inspection,

the defendant is not liable for any injury caused by the breaking of the rope." The court declined to give the instruction and the defendant excepted. The court was not asked to say that the defendant would not be liable for any injury, and thus to include in the instruction the assignment of negligence in the doing of the work, for the request is limited to the injury caused by the breaking of the rope because of a defect therein, and thus could be taken to exclude the negligent manner of doing the work. The learned court had charged that after the defendant had used reasonable care to procure a rope suitable for the use designed, the defendant was bound to use the same degree of care to inspect it, to look after it, to see that it was in a reasonably safe condition for the work. But the court had omitted to say that if the defendant had observed such care of inspection, and yet the defects relied upon by the plaintiffs could not be discovered thereby, the defendant was not liable for a break that came from such defects. There was some testimony that the defendant's division superintendent, when the rope was placed in use, examined it as it passed through his hands when he measured it off, and that such exam ination satisfied him that the rope was then suitable for such use. The sufficiency and adequacy of such an examination were severely scrutinized upon his cross-examination. But it is not now pertinent to discuss or to decide the probative force of such testimony. For, so far as the present discussion is concerned, it is enough that the jury *could* have found that there was a sufficient inspection by the master. And, if so, can we say that they might not have been misled when in effect the last word of the court on the subject was that the defendant could not be exculpated if the break came from defects which it could not discover by inspection ? In other words, were not the jury left free to find the master an insurer ? But the master was not an insurer and was not liable to his servant for defects of which he had no notice and which he could not discover by ordinary care. (*Pettersen* v. *Rahtjen's American Composition Co.*, 127 App. Div. 35, and authorities cited.) The jury had already been told that the inspection required of the defendant involved the care that a reasonably prudent man would exercise, and hence the jury might have inferred from the refusal that the inability to discover defects by " inspection " nevertheless could not exculpate the master. It is true that the court, in another part of its main charge, had said that the fact that the rope broke was not sufficient in itself to hold the defendant negligent and careless in regard to the condition of the rope, but that statement did not cure the error, because the jury might still have inferred from the refusal of the instruction that if the rope *broke from defects* the defendant might be culpable. The testimony of expert witnesses as to the condition of the rope, examined by them for the first time almost three years after the accident, was not competent unless the condition was substantially similar to the condition at the time of the casualty. And evidence of defects then detected was not admissible unless it could be inferred they substantially existed at the prior time or had resulted from an abnormal condition of the rope at that time. When the defect found at the later period is of a thing impervious to the given interval of time, or the defect

is of a character that it naturally could exist at the time of the casualty or naturally grow out of a defective condition at that prior time, then, in the absence of any proof of extraneous causes for the defect, one can invoke the probability of continuance, sometimes called the presumption of continuance. (See Wigm. Ev. § 437; Chamberlayne Mod. Ev. § 1031; Labatt Mast. & Serv. [2d ed.] § 1587.) But only then, because a thing proved to exist continues but as long as is usual with things of that nature. (Rice Ev. 98, citing *Scott* v. *Wood*, 81 Cal. 398; Wigm. *supra*.) Thus the condition of the ladder after an interval of two years was held admissible in *Laplante* v. *Warren Cotton Mills* (165 Mass. 487), because it presented a permanent unchanged structural defect; but in *Clancy* v. *Byrne* (56 N. Y. 129) the condition of the pier, after the lapse of five years, ruinous and dangerous from decay, was not competent to establish such defects. Beyond the striking out of some testimony by the court and of the application of the rule that error in admission of testimony may be disregarded if evidence is subsequently introduced that cured the error (Abb. Tr. Br. 255), I think that there remained in the record some testimony from the experts called by the plaintiffs that was not competent under the principle stated.